**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR HABEAS RELIEF** |
| | ) | |
| vs. | ) | Case No. 1:21-cr-010 |
| | ) | |
| Javaar Yavonnie Kalem Watkins, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| Javaar Yavonnie Kalem Watkins, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-218 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is Defendant's "Motion to Vacate under 28 U.S.C. § 2255" filed on October

30, 2024.  See Doc. No. 184.  The Government filed a response in opposition to the motion on

January 17, 2025.  See Doc. No. 186.  For the reasons outlined below, the motion is denied.


I.      **BACKGROUND**

In January of 2021, Watkins was indicted on one count of possession of firearms and

ammunition by a prohibited person (armed career criminal), in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), 924(e), and 2.  See Doc. No. 31.  The case was tried to jury in February of 2022.  See Doc.

No. 150.  During trial, Watkins stipulated that he had been convicted and knew he had been convicted

of a crime punishable by imprisonment for a term exceeding one year, which prohibited him from

legally possessing a firearm and ammunition during the time frame alleged in the indictment. The jury found Watkins guilty of the charged offense. See Doc. No. 145.

A Presentence Investigation Report ("PSR") found Watkins had at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions, and was therefore an armed career criminal subject to an enhanced sentence under the provision of 18 U.S.C. § 924(e). See Doc. 152, ¶ 25. The qualifying convictions were specifically identified as: (1) Assault-2nd Degree- Dangerous Weapon, Olmsted County (MN) District Court, Doc. No. 55-CR-09-9513, occurring 12/16/2009; (2) Aggravated Robbery-1st Degree, Olmsted County (MN) District Court, Doc. No. 55-CR-13-8138, occurring 12/15/2013; (3) Domestic Assault, Olmsted County (MN) District Court, Doc. No. 55- CR- 14-3067, occurring 05/12/2014; and (4) Assault-3rd Degree-Substantial Bodily Harm, Olmsted County (MN) District Court, Doc. No. 55-CR-14-3729, occurring 05/22/2014. See Doc. No. 152, ¶¶ 25, 43, 45, 46, and 47). Applying U.S.S.G. § 4B1.4(b), the PSR concluded Watkins was an armed career criminal, the offense level was 34, the maximum penalty was life imprisonment and the minimum penalty was fifteen years imprisonment. See Doc. No. 152, ¶¶ 25, 26, and 79). Watkins had a total criminal history score of 14 which placed him in criminal history category VI. See Doc. Nos. 49 and 50. His status as an armed career criminal also placed him in criminal history category VI. See Doc. No. 51. With a total offense level of 34 and criminal history category of VI, the advisory Sentencing Guideline Range was 262-327 months of imprisonment.

Sentencing occurred on May 25, 2022. At the time of sentencing, Watkins agreed he was an armed career criminal subject to the enhanced sentence. See Doc. No. 174, pp. 5-7, 9-10. Watkins requested the Court impose the 15-year mandatory minimum sentence commensurate with that type

of conviction. See Doc. No. 155. The Court found Watkins was an armed career criminal subject to a 15-year minimum sentence. See Doc. No. 174, pp 50-54. The Court sentenced Watkins to 324-months of imprisonment and 5 years of supervised release. See Doc. No. 162.

Watkins appealed. On appeal, Watkins argued the Court erred in denying his motions to suppress evidence related to a search and to eyewitness identification evidence, erred in rejecting his request to present expert testimony on eyewitness identification, erred by denying his motion for severance, and erred in its instructions to the jury. On May 9, 2023, the Eighth Circuit Court of Appeals rejected Watkins arguments and affirmed his conviction and sentence. See United States v. Watkins, 66 F.4th 1179 (8th Cir. 2023). Watkins sought a rehearing *en banc*, which was denied. United States v. Watkins, No. 22-2196, 2023 WL 4071768 (8th Cir. June 20, 2023). Watkins then petitioned the Supreme Court for a writ of certiorari, which was denied on October 30, 2023. Watkins v. United States, 144 S. Ct. 350 (2023).

On October 30, 2024, Watkins filed the instant motion to vacate under 28 U.S.C. § 2255, arguing his conviction is in violation of the Constitution based upon the Supreme Court's decisions in *Erlinger v. United States*, 602 U.S. 821 (2024), and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and appellate counsel was ineffective for failing to raise a constitutional challenge pursuant to *Bruen*. See Doc. No. 184. The Government opposes the motion.

## II.     STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. §

2255(a)).  This requires a showing of either constitutional or jurisdictional error, or a "fundamental

defect" resulting in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346

(1974); Hill v. United States, 368 U.S. 424, 428 (1962).  A 28 U.S.C. § 2255 motion is not a substitute

for a direct appeal, and is not the proper way to complain about simple trial errors.  Anderson v. United

States, 25 F.3d 704, 706 (8th Cir. 1994).  A 28 U.S.C. § 2255 movant "must clear a significantly higher

hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  Section

2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."

Davis, 417 U.S. at 343.

A prisoner is entitled to an evidentiary hearing on a Section 2255 motion unless the motion,

files, and records of the case conclusively show that the prisoner is not entitled to relief.  28 U.S.C. §

2255; Engelson v. United States, 86 F.3d 238, 240 (1995).  A Section 2255 motion "may be dismissed

without hearing if (1) movant's allegation, accepted as true, would not entitle the petitioner to relief,

or (2) [the] allegations cannot be accepted as true because they are contradicted by the record, are

inherently incredible, or are conclusions rather than statements of fact."  See Winters v. United States,

716 F.3d 1098 (2013); see also, Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) (a

single, self-serving, self-contradicting statement is insufficient to render the motions, files and records

of the case inconclusive); Smith v. United States, 618 F.2d 507, 510 (8th Cir. 1980) (mere statement

of unsupported conclusions will not suffice to command a hearing).

III.    LEGAL DISCUSSION

A.      First Claim (Erlinger)

In his first claim for relief, Watkins contends that the United States Supreme Court's decision

in *Erlinger v. United States*, 602 U.S. 821 (2024) invalidates his conviction because the Court, rather

than the jury, determined he was an armed career criminal. In *Erlinger*, the Supreme Court held that the Fifth and Sixth Amendments require a jury – not a judge – to find beyond a reasonable doubt that at least three of a defendant's predicate offenses under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), were "committed on occasions different from one another." Erlinger, 602 U.S. at 834-35.

Watkins is correct that in this case, the Court, rather than the jury, determined Watkins had three predicate convictions committed on different occasions that qualified him for the enhanced sentence under the ACCA. However, *Erlinger* provides no relief to Watkins because it was decided on June 21, 2024, well after he was sentenced on May 25, 2022, and the United States Supreme Court denied his petition for a writ of certiorari on October 30, 2023. And the Supreme Court did not make *Erlinger's* holding retroactively applicable to cases on collateral review. "For any case that is already final, the *Teague* rule will presumably bar the defendant from raising today's new rule in collateral proceedings." Erlinger, 602 U.S. 821, 859 (2024) (Kavanaugh dissenting) (citing Edwards v. Vannoy, 593 U.S. 255, 258 (2021); Teague v. Lane, 489 U.S. 288, 310 (1989) (plurality opinion). The cases which have addressed the issue have agreed that *Erlinger* does not apply retroactively. Grant v. United States, No. 8:24-CV-02029, 2024 WL 4729193, at *4 (M.D. Fla. Nov. 8, 2024) (finding *Erlinger* is not retroactive on collateral review); Turner v. United States, No. 22-CV-714, 2024 WL 5402157, at *4 (W.D. Wis. Nov. 25, 2024) (concluding *Erlinger* would not apply retroactively on collateral review because its new rule was procedural rather than substantive). Watkins cites no authority to the contrary. This Court agrees with Grant and Turner and Justice Kavanaugh that a new rule that shifts decision-making authority from the judge to the jury is procedural. *Erlinger* offers Watkins no avenue for relief.

B.    **Bruen Claim**

In his second claim for relief, Watkins contends that the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), invalidates his conviction under 18 U.S.C. § 922(g)(1) because he has a Second Amendment right to possess a firearm despite having been convicted of multiple violent felonies.  In *Bruen*, the Supreme Court held that the Second Amendment protects the right of "ordinary, law-abiding citizens" to "carry a handgun for self-defense outside the home." 597 U.S. at 10.  However, neither *Bruen's* specific holding nor the historical-tradition test it adopted established that any federal criminal statute restricting the possession of firearms is unconstitutional under the Second Amendment.  There is no question Watkins is not a law-abiding citizen.

Since *Bruen*, the Eighth Circuit Court of Appeals has consistently denied Second Amendment constitutional challenges to convictions under 18 U.S.C. § 922(g)(1). See United States v. Jackson, 110 F.4th 1120, 11 (8th Cir. 2024) (holding that 18 U.S.C. § 922(g)(1) is constitutional after *Bruen*); United States v. Lowry, 112 F.4th 629, 632 (8th Cir. 2024) (holding that *Jackson* "foreclosed" the defendant's argument "that his conviction under 18 U.S.C. § 922(g)(1) violates his constitutional right to keep and bear arms under the Second Amendment"); United States v. Cunningham, 114 F.4th 671, 675 (8th Cir. 2024) (noting "the longstanding prohibition on possession of firearms by felons is constitutional" and "there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant.").  Because the Eighth Circuit has consistently rejected *Bruen* challenges to the constitutionality of 18 U.S.C. § 922(g)(1), and because Watkins is a violent criminal with multiple disqualifying convictions, his *Bruen* argument fails.

C.        **Ineffective Assistance of Appellate Counsel**

For his third claim for relief, Watkins contends he received ineffective assistance of appellate counsel who did not raise a Second Amendment challenge on appeal.  To prove ineffective assistance of appellate counsel, a defendant must show that counsel's failure to raise a certain issue fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal.  See Strickland v. Washington, 466 U.S. 668, 686 (1984); Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992) (applying two-part *Strickland* analysis to appellate counsel).   However, in reviewing an ineffective assistance of appellate counsel claim, a court's review is "particularly deferential." Charboneau v. United States, 702 F.3d 1132, 1136 (8th Cir. 2013). "The deficient performance standard is rigorous" and a court "assume[s] that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." United States v. Brown, 528 F.3d 1030, 1033 (8th Cir. 2008). As such, a court applies a strong presumption that appellate counsel "rendered adequate assistance and made all significant decisions for tactical reasons rather than through neglect." See Walker v. United States, 810 F.3d 568, 579 (8th Cir. 2016).  Lastly, appellate counsel is not required to raise every non-frivolous issue on appeal.  Id.

Watkins contends appellate counsel should have raised a *Bruen* challenge as part of the direct appeal.  Even assuming the argument should have been raised, Watkins cannot demonstrate prejudice. As the Court explained above, the Eight Circuit has consistently rejected the idea that convicted felons have a right to possess firearms in the wake of *Bruen*.  Since Section 922(g)(1) remains constitutional in the wake of *Bruen*, this argument fails.

IV.    **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law.

For the reasons set forth above, the Defendant's motion to vacate, set aside, or correct a sentence

pursuant to 28 U.S.C. § 2255 (Doc. No. 184) is **DENIED**.  In addition, the Court issues the following

**ORDER**:

(1.)    The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

(2.)    Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). If the defendant desires further review of his motion he may request the issuance of a certificate of appealability by a circuit judge with the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2025.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court